UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS LUIS PARRA HERNANDEZ,

    Plaintiff,

v.                              Case No. 8:14-cv-1540-T-33AEP

BBVA COMPASS BANK,

    Defendant.
_____/

## ORDER

This cause is before the Court pursuant to Defendant BBVA Compass Bank's Motion to Dismiss Count I of Plaintiff's Complaint (Doc. # 6), filed on July 3, 2014. Plaintiff Carlos Luis Parra Hernandez filed a response in opposition to the Motion on July 15, 2014. (Doc. # 14). With leave of Court, Compass Bank filed a reply on July 24, 2014. (Doc. # 22).

For the reasons stated at the hearing held on August 5, 2014, and for the reasons that follow, the Court grants Compass Bank's Motion. However, Count I is dismissed without prejudice so that Hernandez may file an Amended Complaint by August 12, 2014, to state a cause of action, if possible.

## I. Background

Hernandez, an individual residing in Venezuela, initiated this action on March 18, 2014, against Defendant

Compass Bank, a bank authorized to engage in business in Florida. (Doc. # 2 at ¶¶ 4-5). Hernandez alleges that Compass Bank failed to reimburse him for two fraudulent checks withdrawn from his savings account with Compass Bank. (Id. at ¶¶ 12, 19-20). Specifically, the four count Complaint alleges claims for: (1) Unauthorized Drawer's Signature, (2) Negligence, (3) Breach of Contract, and (4) Violation of Fla. Stat. § 674.401. (Id. at 4-7). On June 25, 2014, Compass Bank removed this action on the basis of diversity jurisdiction. (Doc. # 1).

According to the Complaint, Hernandez opened a checking account with Compass Bank on October 24, 2011. (Doc. # 2 at ¶ 8). Soon thereafter, Hernandez opened a savings account with Compass Bank. (Id. at ¶ 9). On July 23, 2013, Hernandez received his monthly statement from Compass Bank and discovered that two checks had been "fraudulently withdrawn" from his savings account in the amounts of $79,600 and $73,400, respectively. (Id. at ¶ 12). Hernandez claims that he never authorized or signed the two checks and that Compass Bank never contacted him to authenticate, validate, or verify the checks. (Id. at ¶¶ 13-14). Consequently, on July 23, 2013, Hernandez requested reimbursement from Compass Bank. (Id. at ¶ 15).

2

In response, Compass Bank sent Hernandez a formal reimbursement form to fill out, which Hernandez "immediately returned." (Id. at ¶ 17). On August 30, 2013, Compass Bank advised Hernandez that the bank would not reimburse him for the withdrawn monies. (Id. at ¶ 19).

On July 3, 2014, Compass Bank filed the present Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. # 6). On July 15, 2014, Hernandez filed a response in opposition, (Doc. # 14), and with leave of Court, Compass Bank filed a reply on July 24, 2014. (Doc. # 22). This Court has reviewed the Motion, the response, and the reply, and is otherwise fully advised in the premises.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all of the factual allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

3

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. Analysis

"Any right or obligation declared by [the Florida Uniform Commercial Code] is enforceable by action unless the provision declaring it specifies a different and limited effect." Fla. Stat § 671.106(2). According to the Code, "an unauthorized signature is ineffective except as the signature

4

of the unauthorized signer in favor of a person who in good faith pays the instrument or takes it for value." Fla. Stat. § 673.4031(1).

Compass Bank claims that dismissal of Count I is appropriate as Hernandez "alleges no statute that was violated, no portion of a contract, and no reference as to the source of any of the purported duties that [Compass Bank] allegedly failed to meet or comply with," and further posits that no statute, common law, or agreement between the parties provides a claim for "Unauthorized Drawer's Signature." (Doc. # 6 at 3). Therefore, Compass Bank asserts that Hernandez has failed to state a plausible claim for relief and requests the Court dismiss Count I of the Complaint. (Id. at 2-3).

Hernandez counters that his claim for Unauthorized Drawer's Signature is based on the Florida Uniform Commercial Code which provides that "an unauthorized signature is ineffective except as the signature of the unauthorized signer in favor of a person who in good faith pays the instrument or takes it for value." (Doc. # 14 at 2-3); Fla. Stat. § 671.106(2); Fla. Stat § 673.4031(1). Hernandez alleges that Compass Bank failed to exercise reasonable care by failing to adhere to reasonable commercial banking procedures and standards. (Doc. # 14 at 2). Specifically,

5

Hernandez contends that Compass Bank failed to ascertain the genuineness of endorsements on checks presented to it for payment prior to "giving $153,000 of Plaintiff's money to a stranger." (Id.).

Therefore, Hernandez claims that, because Florida's Uniform Commercial Code declares all of its provisions are enforceable by action, under Fla. Stat. § 671.106(2), Compass Bank's failure to inquire into the checks presented to it for payment resulted in a cause of action for Unauthorized Drawer's Signature pursuant to Fla. Stat. § 673.4031(1). Accordingly, Hernandez submits that the Complaint contains sufficient detail to provide Compass Bank with fair notice of the claims alleged therein. (Id. at 2-3). However, at the hearing held on August 5, 2014, counsel for Hernandez conceded that the Complaint contains no specific mention of, or reference to, Fla. Stat. §§ 671.106(2) or 673.4031(1).

In its reply, Compass Bank asserts that Hernandez never cited Fla. Stat. §§ 671.106 or 673.4031 within his Complaint. (Doc. # 22 at 2). Accordingly, Compass Bank maintains that the Complaint fails to provide any notice of Hernandez's statutory claims in violation of Fed. R. Civ. P. 8(a)(2). (Id.). Furthermore, Compass Bank disagrees with the legal arguments that Hernandez makes within his response to Compass

6

Bank's Motion to Dismiss. See (Id. at 2-4); Fla. Stat. § 671.106(2); Fla. Stat. § 673.4031(1); Edgerly, 121 So. 2d at 419. At the hearing held on August 5, 2014, counsel for Compass Bank reaffirmed the bank's position that the Complaint fails to provide fair notice with respect to Count I.

Upon review, this Court finds that Compass Bank's Motion should be granted. Although Fed. R. Civ. P. 8(a) contemplates a liberal pleading standard, Hernandez's Complaint fails to sufficiently provide Compass Bank with "fair notice" of his claim for Unauthorized Drawer's Signature and the grounds upon which it rests. Twombly, 550 U.S. at 555 (stating that Rule 8(a)'s purpose is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."); accord Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010); Kabbaj v. Obama, 13-14748, 2014 WL 2619677 (11th Cir. 2014).

Specifically, looking strictly at the four corners of the Complaint, Hernandez fails to cite any authority in support of his claim for Unauthorized Drawer's Signature. (Doc. # 2); see St. George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir. 2002)("[t]he scope of review must be limited to the four corners of the complaint); Kinsey v. MLH Fin. Servs., Inc., 509 F. App'x 852, 853 (11th Cir. 2013)("[i]n

7

resolving a motion to dismiss under Rule 12(b)(6), the court generally limits itself to a consideration of the pleadings and exhibits attached thereto.").

Although Hernandez refers to the Florida Uniform Commercial Code and Fla. Stat. §§ 671.106(2) and 673.4031(1) within his response to Compass Bank's Motion, to explain his position, Hernandez cannot incorporate these statutes into his Complaint by mere reference. (Doc. # 14 at 2-3). As articulated in the Motion as well as the reply, Hernandez has failed to allege a statute, common law, or portion of a contract demonstrating his entitlement to relief as to Count I, and therefore, does not sufficiently place Compass Bank on notice of his legal claim. (See Doc. # 6 at 3; Doc. # 22 at 2). Thus, this Court grants Compass Bank's Motion.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant BBVA Compass Bank's Motion to Dismiss Count I of Plaintiff's Complaint (Doc. # 6) is **GRANTED**.

(2) Plaintiff Carlos Luis Parra Hernandez may file an Amended Complaint by **August 12, 2014.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>6th</u> day of August, 2014.

_/s/ Virginia M. Hernandez Covington_
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record